IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.                                          Case Nos.:  5:11cr24/RH/EMT
                                                         5:14cv111/RH/EMT

MICHAEL ANTHONY MITCHELL, JR.

---

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 88).   The Government filed a response (ECF No. 93), and Defendant filed a reply.   (ECF No. 95).   The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.   *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).   After a review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied.   *See* Rules 8(a) and (b), Rules Governing Section 2255 Cases.

## PROCEDURAL BACKGROUND

Defendant was charged in a single-count indictment with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(a)(2) (ECF No. 1).   He unsuccessfully pursued a motion to suppress, following which he entered a plea of guilty pursuant to a written statement of facts (*see* ECF Nos. 21, 34, 40, 41, 74, 75).

Defendant's final Presentence Investigation Report ("PSR") calculated his total offense level at 33 (ECF No. 50, PSR ¶ 32), as follows.   Defendant's base offense level was 26, and he was assessed a two-level upward adjustment because three firearms were involved in the offense conduct, a four-level upward adjustment because one of the weapons had an altered or obliterated serial number, and another four-level upward adjustment because he used or possessed the firearm in connection with another felony offense (ECF No. 50, PSR ¶¶ 23, 24, 24a). Defendant was also credited with a three-level downward adjustment for acceptance of responsibility (ECF No. 50, PSR ¶ 29).   He had a total of 17 criminal history points, yielding a criminal history category of VI (ECF No. 50, PSR ¶ 47).   The applicable advisory guidelines range of 235 to 293 months exceeded the statutory maximum penalty, and as such Defendant's guideline sentence became 120 months

Case Nos.: 5:11cr24/RH/EMT; 5:14cv111/RH/EMT

(ECF No. 50, PSR ¶ 72).    The court sentenced him accordingly, to a term of 120-months imprisonment, followed by three years of supervised release (ECF Nos. 65, 66).

Defendant appealed, arguing that the search warrant authorizing the search of his home and vehicles was not supported by probable cause, and that the district court erred in finding that the good faith exception justified the search (ECF No. 83). The Eleventh Circuit rejected his arguments, specifically finding that the search warrant affidavit established probable cause to search both his home and vehicles on the curtilage of his property (ECF No. 83 at 8–9).    The court further held that even assuming, *arguendo*, that the search warrant affidavit failed to set forth probable cause to support the search warrant, the officers' reliance thereon was objectively reasonable and in good faith (ECF No. 83 at 12).    It affirmed his conviction.

Defendant timely filed the instant § 2255 motion raising two grounds for relief.    The Government opposes the motion in its entirety.

## **ANALYSIS**

General Standard of Review

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely

Case Nos.: 5:11cr24/RH/EMT; 5:14cv111/RH/EMT

limited.    A prisoner is entitled to relief under section 2255 if the court imposed a

sentence that (1) violated the Constitution or laws of the United States, (2) exceeded

its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise

subject to collateral attack.    *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657

F.3d 1190, 1194 n.8 (11th Cir. 2011).    "Relief under 28 U.S.C. § 2255 'is reserved

for transgressions of constitutional rights and for that narrow compass of other injury

that could not have been raised in direct appeal and would, if condoned, result in a

complete miscarriage of justice.'"    *Lynn v. United States*, 365 F.3d 1225, 1232 (11th

Cir. 2004) (citations omitted).    The "fundamental miscarriage of justice" exception

recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be

shown that the alleged constitutional violation "has probably resulted in the

conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues

raised in a section 2255 motion which have been resolved on direct appeal.

*Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014); *Rozier v. United

States*, 701 F.3d 681, 684 (11th Cir. 2012); *United States v. Nyhuis*, 211 F.3d 1340,

1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994).

Once a matter has been decided adversely to a defendant on direct appeal, it cannot

be re-litigated in a collateral attack under section 2255.    *Nyhuis*, 211 F.3d at 1343

(quotation omitted).    Broad discretion is afforded to a court's determination of

whether a particular claim has been previously raised.    *Sanders v. United States*,

373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual

allegations . . . or supported by different legal arguments . . . or couched in different

language . . . or vary in immaterial respects").

Because a motion to vacate under section 2255 is not a substitute for direct

appeal, issues which could have been raised on direct appeal are generally not

actionable in a section 2255 motion and will be considered procedurally barred.

*Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S. 614, 621 (1998);

*McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011).    An issue is

"'available' on direct appeal when its merits can be reviewed without further factual

development."    *Lynn*, 365 F.3d at 1232 n.14 (quoting *Mills*, 36 F.3d at 1055).

Absent a showing that the ground of error was unavailable on direct appeal, a court

may not consider the ground in a section 2255 motion unless the defendant

establishes (1) cause for not raising the ground on direct appeal, and (2) actual

prejudice resulting from the alleged error, that is, alternatively, that he is "actually

innocent."    *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted).

Case Nos.: 5:11cr24/RH/EMT; 5:14cv111/RH/EMT

To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. *See Nyhuis*, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Campo*, 840 F.3d 1249, 1257 n.5 (11th Cir. 2016). In order to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Darden v. United States*, 708 F.3d 1225, 1228 (11th Cir. 2013). Of particular relevance to Defendant's claims in this case, *Strickland*'s two-part test also applies to guilty pleas. *Lafler v. Cooper*, 566 U.S. 156, 162–63 (2012) (citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)). In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S.

at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688; *see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007). Reviewing courts are to examine counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689); *see also Chandler v. United States*, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation"). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon*

Case Nos.: 5:11cr24/RH/EMT; 5:14cv111/RH/EMT

*v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*,

218 F.3d at 1315.   "[T]he fact that a particular defense ultimately proved to be

unsuccessful [does not] demonstrate ineffectiveness."   *Chandler*, 218 F.3d at 1314.

When reviewing the performance of an experienced trial counsel, the presumption

that counsel's conduct was reasonable is even stronger, because "[e]xperience is due

some respect."   *Chandler*, 218 F.3d at 1316 n.18.

　　　With regard to the prejudice requirement, defendant must establish that, but

for counsel's deficient performance, the outcome of the proceeding would have been

different.   *Strickland*, 466 U.S. at 694.   "The likelihood of a different result must

be substantial, not just conceivable."   *Harrington v. Richter*, 562 U.S. 86, 112

(2011) (quoting *Strickland*).    For the court to focus merely on "outcome

determination," however, is insufficient; "[t]o set aside a conviction or sentence

solely because the outcome would have been different but for counsel's error may

grant the defendant a windfall to which the law does not entitle him."   *Lockhart v.*

*Fretwell*, 506 U.S. 364, 369–70 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d

740, 754 (11th Cir. 2010).   A defendant therefore must establish "that counsel's

errors were so serious as to deprive the defendant of a fair trial, a trial whose result

is reliable."   *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687).   Or

in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203–04 (2001).   A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance."   *Id.* at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance.   *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987).   Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test.   *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012); *Garcia v. United States*, 456 F. App'x 804, 807 (11th Cir. 2012) (*citing Yeck v. Goodwin*, 985 F.2d 538, 542 (11th Cir. 1993)).   Furthermore, counsel is not constitutionally deficient for failing to preserve or argue a meritless claim.   *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (citing *Freeman v. Attorney General, Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008)).   This is true regardless of whether the issue is a trial or sentencing issue.   *See, e.g.*, *Sneed v. Florida Dep't of Corrections*, 496 F. App'x 20, 27 (11th Cir. 2012) (failure to preserve meritless *Batson* claim not ineffective

assistance of counsel); *Lattimore v. United States*, 345 F. App'x 506, 508 (11th Cir.

2009) (counsel not ineffective for failing to make a meritless objection to an

obstruction enhancement).

Finally, the Eleventh Circuit has recognized that given the principles and

presumptions set forth above, "the cases in which habeas petitioners can properly

prevail . . . are few and far between."    *Chandler*, 218 F.3d at 1313.    This is because

the test is not what the best lawyers would have done or even what most good

lawyers would have done, but rather whether some reasonable lawyer could have

acted in the circumstances as defense counsel acted.    *Dingle*, 480 F.3d at 1099;

*Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000).    "Even if counsel's

decision appears to have been unwise in retrospect, the decision will be held to have

been ineffective assistance only if it was 'so patently unreasonable that no competent

attorney would have chosen it.'"    *Dingle*, 480 F.3d at 1099 (quoting *Adams v.

Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)).    The Sixth Circuit has framed

the question as not whether counsel was inadequate, but rather whether counsel's

performance was so manifestly ineffective that "defeat was snatched from the hands

of probable victory."    *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

Regardless of how the standard is framed, under the prevailing case law it is

Case Nos.: 5:11cr24/RH/EMT; 5:14cv111/RH/EMT

abundantly clear that a moving defendant has a high hurdle to overcome to establish

a violation of his constitutional rights based on his attorney's performance.    A

defendant's belief that a certain course of action that counsel failed to take might

have helped his case does not direct a finding that counsel was *constitutionally*

*ineffective* under the standards set forth above.

An evidentiary hearing is unnecessary when "the motion and files and records

conclusively show that the prisoner is entitled to no relief."    *See* 28 U.S.C.

§ 2255(b); *Rosin*, 786 F.3d at 877; *Gordon v. United States*, 518 F.3d 1291, 1301

(11th Cir. 2008).    Not every claim of ineffective assistance of counsel warrants an

evidentiary hearing.    *Gordon*, 518 F.3d at 1301 (citing *Vick v. United States*, 730

F.2d 707, 708 (11th Cir. 1984)).    To be entitled to a hearing, a defendant must

allege facts that, if true, would prove he is entitled to relief.    *See Hernandez v.*

*United States*, 778 F.3d 1230, 1234 (11th Cir. 2015).    A hearing is not required on

frivolous claims, conclusory allegations unsupported by specifics, or contentions

that are wholly unsupported by the record.    *See Winthrop‒Redin v. United States*,

767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need not hold

a hearing if the allegations [in a § 2255 motion] are . . . based upon unsupported

generalizations") (internal quotation marks omitted); *Peoples v. Campbell*, 377 F.3d

1208, 1237 (11th Cir. 2004).    Even affidavits that amount to nothing more than

conclusory allegations do not warrant a hearing.    *Lynn*, 365 F.3d at 1239.    Finally,

disputes involving purely legal issues can be resolved by the court without a hearing.

Ground One

Defendant first contends that counsel was constitutionally ineffective.

Specifically, he asserts that his counsel, R. Timothy Jansen, gave him erroneous

advice about his potential sentencing exposure if he proceeded to trial, and that he

relied on this misadvice in choosing to forgo his right to a jury trial and enter a guilty

plea.

Defendant admits that he and his attorney discussed his potential sentencing

exposure before he decided how to proceed in this case.    Defendant recalls that

counsel advised him that he faced a statutory maximum sentence of 120 months,

unless the court determined that he had three prior qualifying convictions of either a

crime of violence or a serious drug offense.    In such event, Mr. Jansen told

Defendant that he would be subject to a mandatory minimum fifteen-year sentence

under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).    Defendant

had two Florida convictions for serious drug offenses that occurred prior to the

instant offense.    He also had a third drug conviction in the state of Alabama, for

Case Nos.: 5:11cr24/RH/EMT; 5:14cv111/RH/EMT

trafficking marijuana.    Defendant asserts that his attorney advised him that this

conviction was not yet final, because it was under appeal, and as such it could not

be used to enhance his sentence.    He claims that counsel told him that if, however,

the appeal was decided both adversely to him and before Defendant's conviction in

this case (assuming a conviction), Defendant would have had the three necessary

predicate convictions and the ACCA enhancement would apply, dramatically

increasing his sentencing exposure.    As a result, Defendant chose to minimize his

risk of a lengthy sentence by pleading guilty.

    Defendant claims that he learned, only after his conviction in this case, that

the Alabama conviction could not have been used to enhance his sentence because

he was not convicted in the Alabama case until after the charged offense conduct in

this case.    *See United States v. Richardson*, 166 F. 3d 1360, 1361 (11th Cir. 1999)

(a conviction is 'previous' to a § 922(g) offense only if the conviction occurred

before the violation of § 922(g), not simply prior to conviction or sentencing for that

violation."); *United States v. King*, 509 F.3d 1338, 1343 (11th Cir. 2007) (quoting

*Richardson*).    He further claims that he was prejudiced by counsel's misadvice

because had he been properly advised, he would not have pleaded guilty but would

have proceeded to trial.    Defendant makes a conclusory and unsupported claim in

Case Nos.: 5:11cr24/RH/EMT; 5:14cv111/RH/EMT

his reply that prejudice must be presumed because of the probability of a different outcome after a trial by jury.

As noted above, *Strickland*'s two-part test also applies to guilty pleas. *Lafler*, 566 U.S. at 162–63 (citing *Hill*, 474 U.S. at 58). A defendant seeking relief based on a claim that counsel was constitutionally ineffective as it pertains to his decision to enter a plea will be required to show that but for counsel's errors, he would not have pleaded guilty and would have instead insisted on proceeding to trial. *Id.* at 163 (quoting *Hill*, 474 U.S. at 59). A defendant's "after the fact testimony concerning his desire to plead, without more, is insufficient to establish" prejudice. *Pericles v. United States*, 567 F. App'x 776, 782 (11th Cir. 2014) (quoting *Diaz v. United States*, 930 F.2d 832, 835 (11th Cir. 1991)); *Rosin v. United States*, 786 F.3d 873 (11th Cir. 2015). A defendant must "convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010).

Defendant's assessment of the likelihood of acquittal is flawed. In light of the court's denial of the motion to suppress, and the mass of evidence against him, a conviction at trial was all but guaranteed (*see* ECF No. 50, PSR ¶¶ 10–17). Had he proceeded to trial, Defendant would not have been eligible for an adjustment for

Case Nos.: 5:11cr24/RH/EMT; 5:14cv111/RH/EMT

acceptance of responsibility, although this adjustment ultimately did not affect his sentence in this case.   Additionally, he would have forfeited the possibility of cooperating with the Government, although again, this appears to be an option of which he did not avail himself.   Defendant's apparently principled insistence on the importance of exercising his constitutional rights to a trial by jury might have been bolstered by a review of his prior choices.   Instead, his position is discredited by a review of the PSR, which reveals that he pleaded guilty or nolo contendere in each and every one of his ten adult criminal cases (ECF No. 50, PSR ¶¶ 35–44).

While Defendant may not have "benefitted" by entering a plea of guilty, nor has he shown that his sentence was any different than it would have been had he proceeded to trial.   *Strickland*, 466 U.S. at 694.   Even assuming that Defendant received the advice he now claims, Defendant has failed to show a violation of his constitutional rights under *Strickland* and he is not entitled to relief.

Ground Two

Defendant next contends that he is entitled to relief pursuant to *Alleyne v. United States*, 133 S. Ct. 2151 (2013).   He maintains that the district court exceeded its authority in applying guidelines enhancements in his case, because these enhancements were not found by a jury beyond a reasonable doubt.

Case Nos.: 5:11cr24/RH/EMT; 5:14cv111/RH/EMT

First, a claim of district court error could have been raised on appeal and is procedurally barred.   Second, Defendant misapprehends the meaning of *Alleyne*. The Supreme Court held in *Alleyne* that any fact that increases the mandatory minimum sentence for a crime is an "element" of the crime, not a "sentencing factor" that must be submitted to a jury.   *Alleyne,* 133 S. Ct. at 2155, 2163.   The guidelines enhancements set forth in paragraphs 23, 24, and 24a of Defendant's PSR neither increased nor imposed a mandatory minimum sentence.   Conversely, Defendant was subject to a statutory maximum sentence.   The three guidelines enhancements had no effect on his ultimate sentence.   His claim is without merit because *Alleyne* affords him no relief.

Conclusion

For the foregoing reasons, the court finds that Defendant has failed to show that the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit.   Nor has he shown that an evidentiary hearing is warranted.   Therefore Defendant's motion should be denied in its entirety.

Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a

final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2255 Cases.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (ECF No. 88) be **DENIED**.

2. A certificate of appealability be **DENIED**.

Case Nos.: 5:11cr24/RH/EMT; 5:14cv111/RH/EMT

At Pensacola, Florida, this <u>5th</u> day of June 2017.


<u>/s/ *Elizabeth M. Timothy*</u>
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.   <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 5:11cr24/RH/EMT; 5:14cv111/RH/EMT