**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

UNITED STATES OF AMERICA

v.                                                  CASES NO.  5:11cr24-RH/EMT
                                                                    5:14cv111-RH/EMT

MICHAEL ANTHONY MITCHELL, JR.,

            Defendant.

_____/


**ORDER GRANTING RELIEF UNDER § 2255**


The defendant Michael Anthony Mitchell, Jr. has moved under 28 U.S.C.

§ 2255 for relief from his conviction. This order grants the motion.

I

Mr. Mitchell pleaded guilty to possessing a firearm as a convicted felon in

violation of 18 U.S.C. § 922(g)(1). The maximum sentence for violating

§ 922(g)(1) is ordinarily 10 years in prison. *See id.* § 924(a)(2). But if the

defendant is an armed career criminal the *minimum* sentence is 15 years, and the

maximum is life. *See id.* § 924(e). A defendant is an armed career criminal if the

defendant possesses a firearm and, *at the time of the possession*, has three *previous*

*convictions* for a violent felony or a serious drug offense, or both, committed on occasions different from one another. *Id*.

Mr. Mitchell asserts that his attorney rendered ineffective assistance by giving erroneous legal advice: by advising him that if he went to trial, he might ultimately be treated as an armed career criminal. Mr. Mitchell asserts that, but for the erroneous advice, he would not have pleaded guilty but instead would have gone to trial.

This order sets out the court's findings of fact and conclusions of law after an evidentiary hearing.

## II

The governing legal standards are well settled. In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court held that a defendant may obtain relief based on ineffective assistance of counsel only on a showing of both deficient performance and prejudice. In *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985), the Supreme Court applied *Strickland* to ineffective assistance in connection with a guilty plea and held that to obtain relief, a defendant must show that, but for the deficient performance, the defendant would have gone to trial.

## III

The indictment charged Mr. Mitchell with possessing the firearm that was the basis of the guilty plea (as well as other firearms and ammunition) on July 20,

2010. As of that date, Mr. Mitchell had two previous Florida state-court convictions for serious drug offenses within the meaning of the armed-career-criminal statute, § 924(e). *See* ECF No. 50 at ¶¶ 35, 39. He also had *committed* a third serious drug offense—in Alabama. *See id*. ¶ 41. But Mr. Mitchell entered a guilty plea to the Alabama offense on May 17, 2011—*after* the date on the firearm offense charged in this federal case. So the Alabama offense was not a "previous conviction" that could serve as a § 924(e) predicate. Mr. Mitchell was not an armed career criminal. This was not going to change.

Mr. Mitchell was represented in this federal case by two retained attorneys: R. Timothy Jansen and Derek Evan Yarbrough. Mr. Jansen practices in Florida. Mr. Yarbrough practices in Alabama. As Mr. Mitchell's trial date approached, Mr. Yarbrough expected the case to go to trial. He knew that if Mr. Mitchell was convicted, his sentence would be at or near the 10-year maximum. Mr. Yarbrough believed Mr. Mitchell had little to lose by going to trial. He knew a colorable defense was being prepared. He came to Florida for the trial. Mr. Mitchell and his family also expected the case to go to trial.

Mr. Jansen believed it was in Mr. Mitchell's best interest to plead guilty. He talked with Mr. Mitchell about pleading guilty, talked with Mr. Mitchell's father, and asked Mr. Mitchell's father to speak to Mr. Mitchell. As part of the discussion, Mr. Jansen told Mr. Mitchell and his father that if Mr. Mitchell went to trial, he

ultimately might be treated as an armed career criminal with a minimum mandatory 15-year sentence and a maximum life sentence. This was incorrect.

The error probably resulted from poor communication and an ill-defined division of labor between Mr. Jansen and Mr. Yarbrough. At least as Mr. Jansen understood it, Mr. Yarbrough told Mr. Jansen that although Mr. Mitchell had pleaded guilty and been sentenced in the Alabama case, the pending appeal meant that there was not yet a "conviction" under Alabama law. Mr. Yarbrough apparently meant only that it was still possible to have Mr. Mitchell's sentence in the Alabama case made concurrent with any federal sentence—a possibility that ultimately was achieved. Mr. Jansen relied on Mr. Yarbrough for analysis of the Alabama case and, with the press of an impending trial, concluded that Mr. Mitchell might be treated as an armed career criminal. Mr. Jansen apparently did not know the date on which the Alabama sentence was imposed—whether before or after the critical date of July 20, 2010.

There were factors cutting in favor of and in opposition to going to trial. Mr. Mitchell believed he had a colorable defense, as did at least one of his attorneys. But the defense would have involved testimony of his girlfriend. The prosecutor apparently had threatened to charge the girlfriend if she gave false testimony. The same may have been true for Mr. Mitchell's mother. And Mr. Mitchell's attorneys

apparently believed—incorrectly as it turns out—that a guilty plea might result in a sentence lower than 10 years, if only by a little.

For Mr. Mitchell, the determinative consideration was the possibility that if he went to trial, he could face a 15-year minimum sentence and a maximum life sentence. Had he been told accurately that the 10-year maximum was never going to increase, he would have gone to trial.

## III

The government takes issue with this factual finding. The government emphasizes that had the defense in this federal case been concerned with the potential devastating effect of an affirmance in the Alabama case, the defense would have tried to expedite entry of a guilty plea and sentencing in this federal case, not waited until the eve of trial and obtained a continuance of the sentencing. Perhaps. But preparing for trial and deciding whether to plead guilty is a dynamic process. Nothing focuses the analysis like an impending trial. The record does not show precisely when Mr. Yarbrough told Mr. Jansen about the effective date of an Alabama conviction or when Mr. Jansen and Mr. Mitchell discussed other considerations. That the plea was entered at the last minute does not show that the mistaken advice was not given.

Similarly, the continuance of the sentencing shows little. Mr. Jansen moved for a continuance because he had a conflicting trial. He may have had no

alternative and may not have consulted with Mr. Mitchell. Moreover, by that time Mr. Mitchell had entered his plea under § 922(g) and had been told by the court that the maximum sentence was 10 years. The defense may have believed that the risk from an Alabama affirmance had passed.

I have considered the delay and all the other evidence, including the testimony of Mr. Mitchell, his father, and his mother. I credit their testimony on the impact of the possibility that the sentence would exceed 10 years, perhaps by a lot. I find that Mr. Mitchell would not have entered his guilty plea had he known the sentence could never exceed 10 years.

IV

For these reasons,

IT IS ORDERED:

1. The § 2255 motion, ECF No. 88, is granted.

2. The clerk must close Case No. 5:14cv111.

3. The clerk must set a status conference by telephone.

SO ORDERED on September 29, 2017.

s/Robert L. Hinkle
United States District Judge